UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY VANDECAR, | Case No. 2:20-cv-02150-ART-BNW |
| Plaintiff, | ORDER |
| v. | |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Rosemary Vandecar brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Brenda Weksler (ECF No. 35), recommending that Plaintiff's Motion for Reconsideration (ECF No. 25) be granted, that Plaintiff be allowed to file a Second Amended Complaint, and that if Plaintiff does not file a Second Amended Complaint by September 30, 2022, Plaintiff's case proceed only on the Fourteenth Amendment Due Process claim against Defendants Dario Sanchez, A. Trujillo, and Harold Wickham. The parties had until June 8, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant Plaintiff's Motion for Reconsideration, allow Plaintiff to file a Second Amended Complaint, and allow Plaintiff's case to proceed on the Fourteenth Amendment Due Process claim against Defendants Dario Sanchez, A. Trujillo, and Harold Wickham if Plaintiff does not file a Second Amended Complaint by September 30, 2022.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of

an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Weksler did not clearly err. Here, Judge Weksler recommends that Plaintiff's Motion for Reconsideration regarding the screening order and order denying Plaintiff's first Motion for Appointment of Counsel (ECF No. 17) be granted because Plaintiff is proceeding *pro se* and dismissal of Plaintiff's claims with prejudice would be a harsh penalty. The Court agrees with Judge Weksler. Furthermore, the Court notes that Judge Weksler's R&R also orders (as opposed to recommends) that Plaintiff's Motion for Appointment of Counsel (ECF No. 26) be granted. This order is properly within Judge Weksler's authority.

Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Weksler's Report and Recommendation (ECF No. 35) is accepted and adopted in full.

It is further ordered that Plaintiff's Motion for Reconsideration be GRANTED; that the screening order (ECF No. 17) be VACATED; that Plaintiff be allowed to file a Second Amended Complaint by September 30, 2022; and that if a Second Amended Complaint is not filed by September 30, 2022, that Plaintiff's case be allowed to proceed on the Fourteenth Amendment Due Process claim against Defendants Dario Sanchez, A. Trujillo, and Harold Wickham.

DATED THIS 27th day of June 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE