ANDRÉA L. VIEIRA, ESQ.
Nevada Bar No. 15667
THE VIEIRA FIRM
400 S. 7th St., Ste. 400
Las Vegas, Nevada 89101
Telephone: (702) 820-5853
Facsimile: (702) 820-5836
Andrea@TheVieiraFirm.com
*Court Appointed Pro Bono Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSEMARY VANDECAR, an Individual;<br><br>  Plaintiff,<br><br>vs.<br><br>HAROLD WICKHAM, an Individual; GABRIELA GARCIA-NAJERA, an Individual; RONALD OLIVER, an Individual: JENNIFER NASH, an Individual; NICOLE HOLSTON, an Individual; DWIGHT NEVEN, an Individual; DARIO SANCHEZ, an Individual; DEAN MEDEIROS, an Individual; VELASCO, an Individual; KARISSA CURRIER, an Individual; C. McGOWAN, an Individual; MARQUISE L. FRANKLIN, an Individual; JAMES BAUMGRAS, an Individual; RIVERA, an Individual; E. ROJAS, an Individual; ANDREW TRUJILLO, an Individual; NEVADA DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Nevada;<br><br>  Defendants. | CASE NO.:   2:20-cv-02150-ART-BNW |

**MOTION TO EXTEND TIME FOR SERVICE**
**(First Request)**

Plaintiff, ROSEMARY VANDECAR ("Plaintiff"), through her counsel of record, Andréa L. Vieira, Esq. of THE VIEIRA FIRM, PLLC hereby respectfully moves this Court for an extension of time to serve Plaintiff's Third Amended Complaint (ECF No. 42). This is the first motion to extend time for service.

This Motion is made and based on FRCP 4(m), the pleadings and papers on file herein, the following Memorandum of Points and Authorities, the Declaration of Andréa L. Vieira, Esq.

1

and any exhibits thereto, and any argument this Court may allow at the time of hearing.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **RELEVANT PROCEDURAL HISTORY**

This is an inmate civil rights matter brought pursuant to 42 U.S.C. § 1983. Plaintiff, Rosemary Vandecar, filed a complaint in proper person on July 7, 2021.[1]

On March 10, 2022, an Acceptance of Service on behalf of Defendants Dario Sanchez, A Trujillo, and Harold Wickham was filed.[2]

On June 27, 2022, this Court entered an order that allowed Plaintiff to file a Second Amended Complaint by September 30, 2022.[3] On July 8, 2022, undersigned counsel was appointed.[4]

On September 30, 2022, the Second Amended Complaint was filed.[5] Thereafter, the parties entered into a Stipulation to File Third Amended Complaint and Set Deadlines to File Notice of Acceptance of Service and Answer.[6] On October 21, 2022, this Court entered an Order approving the parties' stipulation.[7]

Among other things, this Court's Order required that Defendants file under seal, with service to Plaintiff's counsel, the last known address for any of the named defendants for whom the OAG could accept service.[8]

The Third Amended Complaint was filed on October 31, 2022.[9] On November 21, 2022, Defendants filed their Acceptance of Service[10] (accepting service for every defendant except C McGowan, Maritza Velasco-Avila, Luis Rivera, and Edison Rojas) as well as their Notice of Under Seal Submission.[11] However, Defendants did not serve the Notice of Under Seal

---

[1] ECF No. 7
[2] ECF No. 24
[3] ECF No. 36
[4] ECF No. 37
[5] ECF No. 39
[6] ECF No. 40
[7] ECF No. 41
[8] ECF No. 41, 2:3-8.
[9] ECF No. 42
[10] ECF No. 43 and 44
[11] ECF No. 44

Submission on Plaintiff's counsel.[12]

On December 5, 2022, Plaintiff's counsel sent a letter to defense counsel requesting a copy of the Notice of Under Seal Submission.[13] On December 7, 2022, Defendants filed an Affidavit of Good Cause[14] stating that Defendants had good cause for not serving a copy of the under seal submission of last-known addresses for Maritza Velasco-Avila, Luis Rivera, and Edison Rojas' because their addresses were deemed to be "not public information" and "confidential."[15] Defense counsel, Taylor Rivich, Esq, also sent a letter stating that the addresses for said Defendants "were submitted to the Court under seal as a matter of course, are deemed confidential by the Nevada Police Officer Bill of Rights (NRS 289.025) […and] For this reason, no copy of the under-seal submission of last-known addresses is forthcoming."[16]

On the same date, Plaintiff's counsel contacted Mr. Rivich by phone and email regarding the addresses and inquiring why defendants were not complying with this Court's orders.[17] After this exchange, on December 7, 2022 at 3:29 pm, the Office of the Attorney General ("OAG") served a copy of the Under Seal Submission filed on November 21, 2022.[18]

The summons for each the remaining defendants for which defense counsel did not accept service were issued on December 21, 2022.[19] Plaintiff now requests an additional 90 days to serve defendants Maritza Velasco-Avila, Luis Rivera, and Edison Rojas to allow Plaintiff's counsel time to send said defendants a service waiver pursuant to FRCP 4(d) and, if necessary, serve said defendants through any other means allowed under Rule 4 in the event said defendants refuse to waive service.

///

///

///

---

[12] *See* Declaration of Andréa L. Vieira, Esq. attached hereto.
[13] *Id*. at **Exhibit 1**.
[14] ECR No. 48
[15] *See* e.g. ECF No. 48.
[16] *See* **Exhibit 2** to Declaration of Andréa L. Vieira, Esq.
[17] *See* **Exhibit 3** to Declaration of Andréa L. Vieira, Esq.
[18] *See* **Exhibit 4** to Declaration of Andréa L. Vieira, Esq.
[19] ECF No. 58

3

## II. LAW AND ARGUMENT

A complaint must be served within 90 days, but if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[20]

FRCP 4(m) *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay and permits the district court to grant an extension in the absence of good cause.[21] Good cause is not a rigorous standard which federal courts construe "broadly across procedural and statutory contexts."[22] Further, requests for an extension beyond the expiration of a deadline should be granted unless there is bad faith on the part of the party seeking relief or there is prejudice to the adverse party.[23]

When exercising its discretion under FRCP 4(m), a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.[24]

In addition, when a document is filed under seal, the attorney who files the document must include with the document either (i) a certificate of service certifying that the sealed document was served on the opposing attorney, or (ii) an affidavit showing good cause why the document has not been served on the opposing attorney.[25]

Here, good cause exists to extend the deadline for service for 90 days because, as stated above, Plaintiff's counsel was not provided with the last known address for the former employee officer defendants until December 7, 2022, and was not able to obtain an issued Summons until December 21, 2022.

Plaintiff's counsel diligently sought to have the Summons issued via the Court's CM/ECF system.[26] However, the proposed Summons were submitted *under seal* per this Court's order that the addresses for said defendants be for "attorney eyes only."[27] As a result, counsel

---

[20] FRCP 4(m)
[21] *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original)
[22] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)
[23] *Id.*
[24] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)
[25] LR IA 10-5(c)
[26] ECF Nos. 49, 51, 52, and 53
[27] ECF No. 41, 2:5-6

4

1  was unable to obtain a copy of the issued Summons with the clerk's signature due to CM/ECF
2  e-filing procedures. After contacting the Clerk's office, undersigned counsel's office re-
3  submitted each Summons with the remaining defendants' names only and no address.[28] The
4  issued Summons for each defendant was received on December 21, 2022.

5  Defendants will not be prejudiced by a 90-day extension of time to serve defendants
6  Maritza Velasco-Avila, Luis Rivera, and Edison Rojas *only* as it is believed that said defendants
7  have actual notice of this lawsuit. As part of the parties' stipulation, Defense counsel requested
8  time to contact each defendant to obtain for permission to accept service on their behalf. The
9  three remaining defendants for which defense counsel has not accepted service are defendants
10 for whom defense counsel did not receive requests for representation.[29] Therefore, defendants
11 Maritza Velasco-Avila, Luis Rivera, and Edison Rojas have presumably been made aware of
12 this lawsuit via the Office of the Attorney General yet declined representation. An extension of
13 time will allow time for Plaintiff to request a service waiver and, if necessary, serve said
14 defendants in any other manner allowed under FRCP 4.

15 Last, Plaintiff's counsel has already conferred with defense counsel, Randall Gilmer,
16 from the OAG who agreed not to oppose this motion and agreed to jointly request that this Court
17 enter an order for the United States Marshall to serve the remaining defendants, if necessary, in
18 the event that said defendants do not return the service waiver to protect their address.[30]

19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26
27 ───────────────
28 [28] ECF Nos. 55, 56, and 57
   [29] *See* ECF No. 41, 1:26 – 2:2.
   [30] *See* Declaration of Andréa L. Vieira

5

### III. CONLCLUSION

Based on the foregoing, Plaintiff respectfully requests a 90-day extension of time to serve Defendants Maritza Velasco-Avila, Luis Rivera, and Edison Rojas.

DATED this  27th  day of December, 2022.

**THE VIEIRA FIRM**

By: _/s/ *Andréa L. Vieira*_
ANDRÉA L. VIEIRA, ESQ.
Nevada Bar No. 15667
400 S. 7th St., Ste. 400
Las Vegas, Nevada 89101
Telephone: (702) 820-5853
Facsimile: (702) 820-5836
Andrea@TheVieiraFirm.com
*Court Appointed Pro Bono*
*Attorney for Plaintiff*

### **ORDER**

Good cause shown, IT IS ORDERED that
ECF No. 59 is GRANTED.

**IT IS SO ORDERED**
**DATED:** 3:44 pm, December 28, 2022



**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR IC 1-1, I hereby certify that I served a true and correct copy of the foregoing **MOTION TO EXTEND TIME FOR SERVICE (First Request)** on the 27th day of December, 2022, upon the all parties registered for e-service in the service list of this matter on the court's electronic filing system, or if the document is one that will not be filed electronically pursuant to LR IC 1-1(c), via U.S. Mail postage fully prepaid, addressed to each party as follows:

AARON D. FORD, ESQ.
Attorney General
TAYLOR M. L. RIVICH, ESQ.
Nevada Bar No. 15991
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3326
Fax: (702) 486-3773
Email: trivich@ag.nv.gov
*Attorney for Defendants*

/s/ *Joseline Aviles*
An Employee of THE VIEIRA FIRM, PLLC