ANDRÉA L. VIEIRA, ESQ.
Nevada Bar No. 15667
THE VIEIRA FIRM
400 S. 7th St., Ste. 400
Las Vegas, Nevada 89101
Telephone: (702) 820-5853
Facsimile: (702) 820-5836
Andrea@TheVieiraFirm.com
*Court Appointed Pro Bono Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY VANDECAR, an Individual;<br><br>            Plaintiff,<br><br>vs.<br><br>HAROLD WICKHAM, an Individual; GABRIELA GARCIA-NAJERA, an Individual; RONALD OLIVER, an Individual: JENNIFER NASH, an Individual; NICOLE HOLSTON, an Individual; DWIGHT NEVEN, an Individual; DARIO SANCHEZ, an Individual; DEAN MEDEIROS, an Individual; VELASCO, an Individual; KARISSA CURRIER, an Individual; C. McGOWAN, an Individual; MARQUISE L. FRANKLIN, an Individual; JAMES BAUMGRAS, an Individual; RIVERA, an Individual; E. ROJAS, an Individual; ANDREW TRUJILLO, an Individual; NEVADA DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Nevada;<br><br>            Defendants. | CASE NO.:   2:20-cv-02150-ART-BNW |

### MOTION TO EXTEND TIME FOR SERVICE
**(Second Request)**

Plaintiff, ROSEMARY VANDECAR ("Plaintiff"), through her counsel of record, Andréa L. Vieira, Esq. of THE VIEIRA FIRM, PLLC hereby respectfully moves this Court for an extension of time to serve Plaintiff's Third Amended Complaint (ECF No. 42). This is the second motion to extend time for service.

This Motion is made and based on FRCP 4(m), the pleadings and papers on file herein, the following Memorandum of Points and Authorities, the Declaration of Andréa L. Vieira, Esq.

1

and any exhibits thereto, and any argument this Court may allow at the time of hearing.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. RELEVANT PROCEDURAL HISTORY

This is an inmate civil rights matter brought pursuant to 42 U.S.C. § 1983. Plaintiff, Rosemary Vandecar, filed a complaint in proper person on July 7, 2021.[1]

On March 10, 2022, an Acceptance of Service on behalf of Defendants Dario Sanchez, A Trujillo, and Harold Wickham was filed.[2]

On June 27, 2022, this Court entered an order that allowed Plaintiff to file a Second Amended Complaint by September 30, 2022.[3] On July 8, 2022, undersigned counsel was appointed.[4]

On September 30, 2022, the Second Amended Complaint was filed.[5] Thereafter, the parties entered into a Stipulation to File Third Amended Complaint and Set Deadlines to File Notice of Acceptance of Service and Answer.[6] On October 21, 2022, this Court entered an Order approving the parties' stipulation.[7]

Among other things, this Court's Order required that Defendants file under seal, with service to Plaintiff's counsel, the last known address for any of the named defendants for whom the Office of the Attorney General ("OAG") could accept service.[8]

The Third Amended Complaint was filed on October 31, 2022.[9] On November 21, 2022, Defendants filed their Acceptance of Service[10] (accepting service for every defendant except C McGowan, Maritza Velasco-Avila, Luis Rivera, and Edison Rojas) as well as their Notice of Under Seal Submission.[11]

---

[1] ECF No. 7
[2] ECF No. 24
[3] ECF No. 36
[4] ECF No. 37
[5] ECF No. 39
[6] ECF No. 40
[7] ECF No. 41
[8] ECF No. 41, 2:3-8.
[9] ECF No. 42
[10] ECF No. 43 and 44
[11] ECF No. 44

2

The summons for each the remaining defendants for which defense counsel did not accept service were issued on December 21, 2022.[12] On December 27, 2022, Plaintiff requested an additional 90 days to serve defendants Maritza Velasco-Avila, Luis Rivera, and Edison Rojas.[13] Plaintiff's request was granted on December 28, 2022, and the deadline to serve was extended until March 29, 2023.[14]

Plaintiff's counsel sent service waivers to all three remaining defendants on January 5, 2023.[15] None of the service waivers were returned.[16] Plaintiff's counsel subsequently hired a private investigator, Robert Lawson, to locate and serve the remaining defendants.[17] Mr. Lawson was able to locate and serve Defendant Maritza Velasco-Avila on March 14, 2023[18] and Defendant Luis Rivera on March 15, 2023.[19]

Mr. Lawson was also able to locate Defendant Edison Rojas, who is now living in Nebraska and working for the Nebraska Department of Corrections.[20]

Plaintiff respectfully requests an additional 30 days to serve Defendant Edison Rojas in Nebraska where he now lives and works.

## II.   LAW AND ARGUMENT

A complaint must be served within 90 days, but if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[21]

FRCP 4(m) *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay and permits the district court to grant an extension in the absence of good cause.[22] Good cause is not a rigorous standard which federal courts construe "broadly across procedural and statutory contexts."[23] Further, requests for an extension beyond the expiration of

---

[12] ECF No. 58
[13] ECF No. 59
[14] ECF No. 60
[15] ECF No. 76
[16] *Id.*
[17] *Id.*
[18] ECF No. 71
[19] ECF No. 72
[20] ECF No. 74
[21] FRCP 4(m)
[22] *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original)
[23] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)

3

a deadline should be granted unless there is bad faith on the part of the party seeking relief or there is prejudice to the adverse party.[24]

When exercising its discretion under FRCP 4(m), a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.[25]

Here, good cause exists to extend the deadline for service for an additional 30 days because due to Plaintiff's diligence two of the three defendants remaining to be served have been served, and the remaining defendant has been located out of state. Plaintiff attempted to mitigate service issues by sending each remaining Defendant a service waiver, but the Defendants failed to return the executed waiver.

Defendants will not be prejudiced by an additional 30-day extension of time to serve Defendant Edison Rojas *only* as it is believed that he has actual notice of this lawsuit. As part of the parties' stipulation, Defense counsel requested time to contact each defendant to obtain for permission to accept service on their behalf. Defendant Rojas is one of the defendants for whom defense counsel did not receive a request for representation.[26] Therefore, Defendants Rojas has presumably been made aware of this lawsuit via the Office of the Attorney General yet declined representation. An extension of time will allow time for Plaintiff serve Defendant Rojas in Nebraska, where he has been located and is confirmed as owning a home and working for the Nebraska Department of Corrections.

Last, Plaintiff's counsel has already conferred with defense counsel, Randall Gilmer, from the OAG who stated that he takes no position to Plaintiff's request and no opposition will be filed.[27]

/ / /

/ / /

/ / /

---

[24] *Id*.
[25] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)
[26] *See* ECF No. 41, 1:26 – 2:2.
[27] ECF No. 76

4

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests an additional 30-day extension of time to serve Defendant Edison Rojas.

DATED this  28th  day of March, 2023.

**THE VIEIRA FIRM**

By:   /s/ *Andréa L. Vieira*
ANDRÉA L. VIEIRA, ESQ.
Nevada Bar No. 15667
400 S. 7th St., Ste. 400
Las Vegas, Nevada 89101
Telephone: (702) 820-5853
Facsimile: (702) 820-5836
Andrea@TheVieiraFirm.com
*Court Appointed Pro Bono*
*Attorney for Plaintiff*

**ORDER**

**IT IS SO ORDERED**

**DATED:** 6:06 pm, March 29, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and LR IC 1-1, I hereby certify that I served a true and correct copy of the foregoing **MOTION TO EXTEND TIME FOR SERVICE (Second Request)** on the 28th day of March, 2023, upon the all parties registered for e-service in the service list of this matter on the court's electronic filing system, or if the document is one that will not be filed electronically pursuant to LR IC 1-1(c), via U.S. Mail postage fully prepaid, addressed to each party as follows:

AARON D. FORD, ESQ.
Attorney General
TAYLOR M. L. RIVICH, ESQ.
Nevada Bar No. 15991
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3326
Fax: (702) 486-3773
Email: trivich@ag.nv.gov
*Attorney for Defendants*

　　　　　　　　　　　　　　　　　　/s/ *Andréa Vieira*
　　　　　　　　　　　　　　　　An Employee of THE VIEIRA FIRM, PLLC